UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SUSAN OWEN,

        Plaintiff

VERSUS

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINES,
CAMPINO CASTILLO, M.D. and
DAYAN FANERY, M.D.
_____/

## COMPLAINT

THE COMPLAINT OF SUSAN OWEN, person of full age of majority and a resident of the State of Mississippi, respectfully represents as follows:

### JURISDICTION AND VENUE

1.     This is an action seeking damages that exceed $75,000.00, exclusive of costs, interest, and attorney's fees, between a citizen of the state of Mississippi and citizens of, and a corporation incorporated in and/or having its principal place of business in, a State other than Mississippi or in a foreign country. This court has original jurisdiction over this action pursuant to 28 USC Section §1332.

2.     In the alternative, only, this Honorable Court has jurisdiction by virtue of 28 U.S.C. §1333, in admiralty.

3.     Venue of this proceeding is proper in the Southern District of Florida because the passenger ticket contract between the Plaintiff, Susan Owen, and Carnival contains a forum selection clause selecting the United States District Court for the

Southern District of Florida as the forum and venue for any action brought against Carnival.

## PARTIES DEFENDANT

4.      Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES (hereinafter "Carnival"), is a foreign corporation authorized to do and doing business in the State of Florida, and was at all times material hereto a common carrier of passengers for hire, and engaged in the business of marketing, advertising, selling and operating a cruise line and the provision and sale of medical services aboard its vessels.

5.      Defendant, CAMPINO CASTILLO, M.D. (hereinafter "Castillo"), on information and belief, is a physician licensed outside the state of Florida but who was an employee, agent, and/or joint venturer of Defendant Carnival which does business in the State of Florida and which at all times material hereto was doing business in Miami Dade County, Florida. At all times material hereto, the Defendant Castillo worked as one of the shipboard physicians on the cruise ship owned and/or operated by the Defendant Carnival on which the subject negligence occurred and provided negligent medical care to the Plaintiff which caused permanent injury to the plaintiff.

6.      Defendant, DAYAN FANERY, M.D. (hereinafter "Fanery"), on information and belief, is a physician licensed outside the state of Florida but who was an employee, agent, and/or joint venturer of Defendant Carnival which does business in the State of Florida and which at all times material  hereto was doing business in Miami Dade County, Florida. At all times material hereto, the Defendant Fanery worked as one of the shipboard physicians on the cruise ship owned and/or operated by the Defendant

2

Carnival on which the subject negligence occurred and provided negligent medical care to the Plaintiff which caused permanent injury to the plaintiff.

7.     **VENUE AND PERSONAL JURISDICTION**. The Defendants, at all times material hereto, through agents or representatives, in the County and in the District in which this Complaint is filed:

(a)     Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

(b)      Resided or had an office or agency in this state and/or county; and/or

(c)     Engaged in substantial activity within this state; and/or

(d)     Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

8.     All conditions precedent to bringing this action have been satisfied, occurred, or waived.

## FACTUAL ALLEGATIONS

9.     At all times material hereto, Carnival was a common carrier, is engaged in the business of providing vacation cruises to the public aboard vessels including the M/V CARNIVAL BREEZE and was the owner, operator, or owner *pro hac vice* of the M/V CARNIVAL BREEZE and, on December 28, 2017 and other pertinent dates, Plaintiff was a paying passenger aboard the BREEZE.

10.     Carnival, through online, television, radio and print advertisements specifically markets its cruises as vacations with extensive offerings and activities for people of all ages and abilities. As part of providing vacation cruises, Carnival is

obligated to provide competent medical care and facilities, as well as personnel capable of making sound medical and evacuation decisions conforming to the standard of care.

11.     On or about December 28, 2017, Campino Castillo (hereinafter "Castillo") and Dayan Fanery (hereinafter "Fanery"), were, on information and belief, the ship's doctors who provided in whole or in part medical care to plaintiff aboard the CARNIVAL BREEZE.

12.     At all material times hereto, Castillo and Fanery were employees and/or agents of the defendant, Carnival, and at all times acted in the course and scope of their employment and/or agency, or as joint venturers.

13.     On or about December 28, 2017 and thereafter, while plaintiff was aboard the M/V CARNIVAL BREEZE, plaintiff received medical services from the defendants in the medical facilities provided by Carnival aboard the M/V CARNIVAL BREEZE. Plaintiff presented to the ship's medical facility with complaints regarding an eye condition.  After she was examined and/or otherwise treated by Castillo and/or Fanery aboard the vessel, plaintiff was negligently misdiagnosed and was negligently prescribed medication which was not the proper course of treatment for the plaintiff's eye condition and did not conform to the standard of care.  As a result thereof, plaintiff suffered injuries, including but not limited to loss of vision and/or other vision problems, as well as possible permanent impairment and other damages set forth herein.

## COUNT I
## NEGLIGENCE

14.     Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 13 as if set forth herein.

4

15.    In light of Carnival's experience and familiarity with the demographics of the passengers on its cruises, the onboard and offshore recreational activities taking place on its cruises, the foreign destinations visited on its cruises, and the illnesses experienced by past cruise passengers, it was reasonably foreseeable to Carnival that the CARNIVAL BREEZE would have passengers similar in age to Plaintiff, and passengers with common illnesses such as Plaintiff's condition. Likewise, it was reasonably foreseeable that such passengers would require proper examination, evaluation and treatment.

16.    Carnival owed Plaintiff the duty of exercising reasonable care under the circumstances. In particular, as Plaintiff was ill on board the CARNIVAL BREEZE and reported to the ship's medical center, Carnival owed Plaintiff the duty of protecting her from injury relating to her illness, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.

17.    Carnival breached its duty of protecting Plaintiff from injury relating to her illness, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.

18.    Carnival directly provided and operated the medical center to be used by the ship's medical personnel as well as all of the medical machinery, equipment, drugs and supplies to be used therein, regularly stocking and restocking same.

19.    Carnival collected all medical revenues directly from passengers and generated a profit on the sale of medical services, supplies, and equipment made by the ship's medical personnel to the passengers of the vessel.

20.    Carnival breached its duties and was negligent by failing to adequately examine, diagnose, and/ or treat Plaintiff's injuries within the standard of care.

21.     Furthermore, Carnival breached its duties and was negligent in that the physicians and/or other crew members that were responsible for treating Plaintiff lacked adequate qualifications, training and/or experience in treating injuries such as the one Plaintiff suffered.

22.     Furthermore, Carnival breached its duties and was negligent in that Carnival relied on medical opinions and/or advice of ship doctors and nurses who were not properly trained and qualified, and failed to have proper licenses in the jurisdiction of the flag of the ship on which they were hired to provide medical care.

23.     Furthermore, Carnival breached its duties and was negligent in that Carnival failed to consult properly trained and qualified shore-based personnel to make safe decisions about treatment and evacuation, though it had the capability through email, Skype, telephone, and other means of communication to get a competent and adequate medical opinion regarding Ms. Owen's condition.

24.     Furthermore, Carnival breached its duties and was negligent in that Carnival failed to develop and institute adequate procedures and policies to provide standard of care treatment to address Plaintiff's medical situation.

25.     Carnival's negligence proximately caused Plaintiff great bodily harm in that, but for Carnival's negligence, Plaintiff's injuries would not have occurred and/or said injuries would have been substantially lessened.

26.     Carnival, through its employees and agents, to wit, the ship's medical staff, knew or should have known that the medical procedures they employed violated reasonable standards of medical care.   Further, Carnival knew or reasonably should have

known about these conditions and failures, but failed to correct them prior to the incident that injured Plaintiff.

27.     As a result of the Carnival's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of important bodily function, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment.

28.     The losses are either permanent or continuing in nature.

29.     Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, SUSAN OWEN, demands Judgment against Defendants, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, costs of hospitalization, medical care and treatment, nursing care and treatment, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT II**
**VICARIOUS LIABILITY**
**FOR THE NEGLIGENCE OF THE SHIP'S MEDICAL STAFF**

30.     Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 13 as if set forth herein.

31.     At all times material hereto, Castillo and Fanery were agents and/or servants and/or employees of Defendant, Carnival, and at all times, subject to control and/or the right to control by Carnival.

32.     At all times material hereto, Castillo and Fanery were acting within the scope of their employment and/or agency.

33.     Defendant, Carnival, is estopped to deny that Castillo and Fanery were its agents and/or employees and/or servants.

34.     Carnival's medical personnel, including the doctors and nurses on board the CARNIVAL BREEZE, were the employees, agents, servants and/or persons otherwise authorized to act on behalf of Carnival. Thus, Carnival is vicariously liable for the acts and/or omissions of its medical personnel.

35.     Carnival acknowledged that its medical personnel, including the doctors and nurses on board the CARNIVAL BREEZE would act for it, and the medical personnel manifested an acceptance of the undertaking. For example: (1) Carnival directly paid the medical personnel for their work in the medical center on board the CARNIVAL BREEZE; (2) the medical center on board the CARNIVAL BREEZE was created, owned and operated by Carnival; (3) the medical personnel on board the CARNIVAL BREEZE worked at what Carnival describes in its advertising as Carnival's medical center; and (4) Carnival knowingly provided, and the medical personnel on board the CARNIVAL BREEZE knowingly wore, uniforms bearing Carnival's name and logo.

36.     Carnival's medical personnel, including the doctors and nurses on board the CARNIVAL BREEZE, were subject to the right of control by Carnival, and were

acting within the scope of their employment or agency. For example, and on information an belief, (1) the medical personnel were employed by Carnival; (2) the medical personnel were hired to work in a medical center on board the CARNIVAL BREEZE that was created, owned and operated by Carnival; (3) the medical personnel were paid salaries and/or other employment related benefits directly by Carnival; (4) the medical personnel on board the CARNIVAL BREEZE were considered to be members of the ship's crew; (5) the medical personnel were required to wear uniforms or other insignia furnished by Carnival; (6) Carnival put the medical personnel on board the CARNIVAL BREEZE under the command of the ship's superior officers, and they were subject to the ship's discipline and the master's orders; (7) Carnival had the right to fire its medical personnel; (8) Carnival used its Sail & Sign program to directly bill the Plaintiff and other passengers onboard the CARNIVAL BREEZE for services rendered by its medical personnel and/or use of the onboard medical center, medical equipment and medical supplies; and (9) the medical personnel on board the CARNIVAL BREEZE were subject to the control of Carnival's shore-side medical department located in Miami, Florida.

37.     At all times material hereto, Carnival, through its medical personnel, including Castillo and Fanery, owed a duty to exercise reasonable care under the circumstances for the safety of Carnival's passengers.

38.     Carnival, through its medical personnel, including Castillo and Fanery, breached this duty to provide reasonable care under the circumstances owed to the plaintiff by:

a.     Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention; and/or

9

     b.    Failing to timely diagnose Plaintiffs medical condition; and/or

     c.    Misdiagnosing plaintiff's medical condition;

     d.    Failing to provide Plaintiff with adequate medicine for the conditions Plaintiff needed at the time; and/or

     e.    Providing the Plaintiff with medicine that was unreasonable for her medical condition.

     f.    Other acts of negligence or such other acts to be proven at the trial of this matter.

     39.    Defendant, Carnival, had a duty to provide the Plaintiff with reasonable care under the circumstances and through the acts of its agents and/or employees and/or servants. Castillo and Fanery breached this duty to provide Plaintiff with reasonable care under the circumstances.

     40.    It was the duty of Castillo and Fanery, as agents and/or employees and/or servants of Defendant Carnival, to provide Plaintiff with reasonable care under the circumstances and/or medical care which did not fall below the applicable standard of care for cruise ship doctors and/or medical personnel.

     41.    Under the doctrine of Respondeat Superior, employers are vicariously liable for the negligent acts or omissions by their employees within the course of employment.

     42.    Carnival is therefore vicariously liable for all injuries and damages sustained by Plaintiff, Susan Owen, as a result of the negligence of Castillo and Fanery.

     43.    As a result of the negligence of Castillo and Fanery, for which Defendant, Carnival, is vicariously liable, the Plaintiff was injured in and about her body and

extremities; was caused great physical pain and mental suffering; has suffered physical and mental losses and impairments which are, within a reasonable degree of medical probability, permanent and/or continuing in nature, and will suffer said loses and impairments in the future; has been caused to expend money for the treatment of her injuries and will, in the future, be caused to expend further monies for treatment of her injuries.

**WHEREFORE**, Plaintiff, SUSAN OWEN, demands Judgment against Defendants, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, costs of hospitalization, medical care and treatment, nursing care and treatment, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT III**
**APPARENT AGENCY AGAINST DEFENDANT**
**FOR THE ACTS OF THE SHIP'S MEDICAL STAFF**

44.     Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 13 as if set forth herein.

45.     Carnival's medical personnel, including the doctors and nurses on board the CARNIVAL BREEZE, were the apparent employees, agents, servants and/or persons otherwise authorized to act on behalf of Carnival. Thus, Carnival is vicariously liable for the acts and/or omissions of its medical personnel.

11

46.     Carnival made representations to the Plaintiff and other passengers onboard the CARNIVAL BREEZE that the ship's medical personnel were the employees, agents, servants and/or persons otherwise authorized to act for Carnival's benefit. For example, and on information and belief: (1) Carnival promoted the medical personnel on board the CARNIVAL BREEZE and represented them as being Carnival employees through brochures, internet advertising and/or signs, documents, and uniforms on the ship; (2) Carnival promoted the medical center on board the CARNIVAL BREEZE and described it in proprietary language; (3) the medical personnel on board the CARNIVAL BREEZE worked in the medical center that Carnival promoted and described in proprietary language; (4) Carnival used its Sail & Sign program to directly bill the Plaintiff and other passengers onboard the CARNIVAL BREEZE for services rendered by the onboard medical personnel and/or use of the onboard medical center, medical equipment and medical supplies; (5) the medical personnel on board the CARNIVAL BREEZE were required to wear uniforms or other insignia furnished by Carnival; (6) Carnival held out the medical personnel on board the CARNIVAL BREEZE as members of the ship's crew; and (7) the medical personnel on board the CARNIVAL BREEZE spoke and acted as though they were employed by Carnival. Carnival had knowledge of such representations but never took any action to indicate otherwise.

47.     Carnival's representations to the Plaintiff and other passengers onboard the CARNIVAL BREEZE caused them to reasonably believe that the ship's medical personnel were the employees, agents, servants and/or persons otherwise authorized to act for Carnival's benefit. Indeed, Carnival actually intended that the Plaintiff and other

passengers onboard the CARNIVAL BREEZE have such perception or belief because it is a marketing tool to induce passengers such as the Plaintiff to purchase cruises on Carnival's ships in the first place, to feel secure while on board Carnival's ships and/or to be a repeat Carnival customer.

48.     Carnival's representations to the Plaintiff and other passengers onboard the CARNIVAL BREEZE induced their detrimental, justifiable reliance upon the appearance of agency.

49.     This reasonable reliance was detrimental because it significantly delayed Plaintiff from receiving proper medical treatment.

50.     Carnival is estopped to deny that the medical staff were its apparent agents, and/or apparent employees, and/or apparent servants.

51.     Carnival had a duty to provide Ms. Owen with reasonable care under the circumstances and through the acts of its apparent agent breached its duty to provide her with reasonable care under the circumstances.

52.     Ms. Owen's injuries were caused and/or accelerated due to the fault and/or negligence of Carnival through the acts of its apparent agents as follows:

a.      Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention; and/or

b.      Failing to timely and properly diagnose Plaintiff's medical condition.

c.      Failing to properly attend to the Plaintiff and her injuries ;

d.      Failing to escort the Plaintiff to receive reasonable medical care;

e.      Failing to provide reasonable medical care;

f.      Failing to properly treat, and care for the Plaintiff;

g.      Failing to reasonably diagnose the Plaintiff's injuries; and/or

h.      Failing to properly examine the Plaintiff's injuries.

i.      Other acts of negligence or such other acts to be proven at the trial of this matter.

**WHEREFORE**, Plaintiff, SUSAN OWEN, demands Judgment against Defendants, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, costs of hospitalization, medical care and treatment, nursing care and treatment, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT IV**
**ASSUMPTION OF DUTY –**
**NEGLIGENCE OF THE SHIP'S MEDICAL STAFF**

53.      Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 13 as if set forth herein.

54.      The Defendants owed Plaintiff the duty to exercise reasonable care under the circumstances for the safety of Carnival's passengers.

55.      Such duties include, but are not limited to, providing such medical care and assistance as would an ordinarily prudent person under the circumstances.

56.      Carnival elected to discharge this duty by having Plaintiff seen by its own ship's physicians and/or other crew members.

57.     As such, Carnival voluntarily assumed a duty for the benefit of Plaintiff to use reasonable care in the provision of medical services to the Plaintiff.

58.     Carnival breached its duties, and was negligent by failing to adequately examine, diagnose, and/or treat Plaintiff's injuries.

59.     Furthermore, Carnival breached its duties, and was negligent because the physicians and/or other crew members that were responsible for treating Plaintiff lacked adequate experience in treating injuries such as the one Plaintiff suffered.

60.     Carnival also breached its duties and was negligent by failing to adequately supply its medical center to be able to adequately examine, diagnose, and treat Plaintiff's injuries.

61.     Carnival breached its duties and was negligent by failing to take proper measures to ensure that Plaintiff was able to obtain the medical treatments he needed in a reasonable amount of time, and as a result, Plaintiff suffered additional injuries and/or Plaintiff's injuries were aggravated and made worse.

62.     Additionally, at all times material hereto, Carnival was careless, negligent, and breached its duties as follows:

a.      Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention; and/or

b.      Failing to timely and properly diagnose Plaintiff's medical condition.

c.      Failing to properly attend to the Plaintiff and her injuries;

d.      Failing to escort the Plaintiff to receive reasonable medical care;

e.      Failing to provide reasonable medical care;

f.      Failing to properly treat, and care for the Plaintiff;

g.      Failing to reasonably diagnose the Plaintiff's injuries; and/or

h.      Failing to properly examine the Plaintiff's injuries.

i.      Other acts of negligence or such other acts to be proven at the trial of this matter.

63.     At all times material hereto, the aforementioned acts or omissions on the part of the Carnival fell below the standard of care.

64.     Carnival's negligence proximately caused Plaintiff great bodily harm in that, but for Carnival's negligence, Plaintiff's injuries would have been prevented or substantially lessened.

65.     Carnival, through its employees and agents, to wit, the ship's medical staff, knew, or should have known, that the medical procedures they employed violated reasonable standards of medical care.

66.     As a direct, proximate, and foreseeable result of the Carnival's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of important bodily function, loss of capacity for the enjoyment of life, and expense of hospitalization, medical and nursing care and treatment.

67.     The losses are either permanent or continuing in nature.

68.     Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, SUSAN OWEN, demands Judgment against Defendants, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury,

pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages in the past, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT V**
**JOINT VENTURE BETWEEN CARNIVAL, CASTILLO and FANERY**

69.     Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 13 as if set forth herein.

70.     At all material times, Castillo and/or Fanery saw, examined, treated and/or were consulted concerning the medical condition of plaintiff while aboard the M/V CARNIVAL BREEZE.

71.     A Joint Venture is an association of persons or legal entities to carry out a single business enterprise for profit. At all material times, Carnival, Castillo and Fanery engaged in a Joint Venture to operate a ship's medical facility for passengers onboard the M/V CARNIVAL BREEZE, for a profit.

72.     As its part of the Joint Venture, Carnival financed and equipped the ship's medical facility and assisted in running it. As its part of the Joint Venture, Castillo and Fanery provided labor and/or assisted in running the ship's medical facility so as to generate charges to passengers which were thereby collected by Carnival and the money was then shared by Carnival, Castillo and Fanery.

73.     Carnival, Castillo and Fanery had joint or shared control over aspects of the Joint Venture. Castillo and Fanery had control over the day to day workings of the ship's medical facility. Carnival also had control over the day to day workings of the

17

ship's medical facility and had control over the billings and collections for the ship's medical facility. Thus, Carnival, Castillo and Fanery had joint control over the day to day operations of the medical facility in that Castillo and Fanery performed the medical aspects of the Joint Venture and Carnival performed the operational aspects of the Joint Venture.

74.     Carnival, Castillo and Fanery shared a common purpose: to operate the ship's medical facility for profit.

75.     Carnival, Castillo and Fanery had a joint proprietary or ownership interest in the ship's medical facility. Carnival had the interest in the money it devoted to setting up the medical facility and Castillo and Fanery had a proprietary interest in the time and labor expended in operating the ship's medical facility. Further, Carnival, Castillo and Fanery shared in the profits of the Joint Venture. Upon information and belief, there exists contractual arrangements with Carnival, Castillo and Fanery which expressly lay out such a profit sharing relationship. In Florida, a duty to share losses actually and impliedly exists as a matter of law in a situation where one party supplies the labor, experience and skill, and the other the necessary capital.

76.     On information and belief, Carnival, Castillo and Fanery therefore:

a.     Had a community of interest in the performance of the common purpose, i.e., the operation of a ship's medical facility for passengers for profit;

b.     Had a joint proprietary interest;

c.     Had a joint control or right of control with respect to the operation of the medical facility;

d.     Had a right to share in the profits of the joint venture;

18

e.      Would share losses which may have been sustained.

77.     As Joint Venturers, Carnival, Castillo and Fanery are liable for each other's negligence. As a result, Carnival is liable for the negligent conduct of Castillo and Fanery and damages previously described in this complaint. Participants in a Joint Venture are each liable for the torts of the other or of the servants of the joint undertaking committed within the course and scope of the undertaking, without regard to which of the joint venturers actually employed the servant.

78.     At all times material while on the ship, Carnival, Castillo and Fanery through the joint venture, breached their duty to provide plaintiff with reasonable care under the circumstances.

79.     Plaintiff was injured due to the fault and/or negligence of Carnival through the acts of its joint venturers, Castillo and Fanery, as follows:

a.      Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention; and/or

b.      Failing to timely and properly diagnose Plaintiff's medical condition.

c.      Failing to properly attend to the Plaintiff and her injuries;

d.      Failing to escort the Plaintiff to receive reasonable medical care;

e.      Failing to provide reasonable medical care;

f.      Failing to properly treat, and care for the Plaintiff;

g.      Failing to reasonably diagnose the Plaintiff's injuries;

h.      Failing to properly examine the Plaintiff's injuries;

i.      Other acts of negligence or such other acts to be proven at the trial of this matter.

**WHEREFORE**, Plaintiff, SUSAN OWEN, demands Judgment against Defendants, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, costs of hospitalization, medical care and treatment, nursing care and treatment, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

### COUNT VI – NEGLIGENCE AGAINST CASTILLO AND FANERY

80.     Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 13 as if set forth herein.

81.     At all material times, Castillo and Fanery saw, examined, treated and/or were consulted concerning the medical condition of plaintiff while aboard the M/V CARNIVAL BREEZE        .

82.     It was the duty of Castillo and Fanery to provide plaintiff with reasonable care under the circumstances and/or medical care which did not fall below the applicable standard of care for cruise ship doctors.

83.     At all times material, Castillo and Fanery breached their duty to provide plaintiff with reasonable care under the circumstances

84.     Plaintiff was injured due to the fault and/or negligence of Castillo and Fanery, as follows:

a.      Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention; and/or

b.      Failing to timely and properly diagnose Plaintiff's medical condition.

c.      Failing to properly attend to the Plaintiff and her injuries;

d.      Failing to escort the Plaintiff to receive reasonable medical care;

e.      Failing to provide reasonable medical care;

f.      Failing to properly treat, and care for the Plaintiff;

g.      Failing to reasonably diagnose the Plaintiff's injuries;

h.      Failing to properly examine the Plaintiff's injuries;

i.      Other acts of negligence or such other acts to be proven at the trial of this matter.

**WHEREFORE**, Plaintiff, SUSAN OWEN, demands Judgment against Defendants, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, costs of hospitalization, medical care and treatment, nursing care and treatment, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, SUSAN OWEN, demands trial by jury on all issues so triable.

**Dated:  12/21/2018**

RESPECTFULLY SUBMITTED:


__s/ Alvin E. Entin_____
ALVIN E. ENTIN (0127027)
ENTIN & DELLA FERA

21

110 S.E. 6th Street, Suite 1970
Fort Lauderdale, Florida  33301
Telephone:  (954) 761-7201
Facsimile:  (954) 764-2443

*Of Counsel:*

DAVID C. WHITMORE
La. Bar No. 17864
BLAKE JONES LAW FIRM, LLC
701 Poydras Street, Suite 4100
New Orleans, Louisiana  70139
Telephone:  (504) 525-4361
Facsimile:  (504) 525-4380